Mokpiiy, J.
delivered the opinion of the court.
In 1833, Michel Bergeron paid, as indorser for J. B. Ory, notes to [430] the amount of $12,833 ; having subsequently borrowed $5550 of one Maurice Prevost, Bergeron made out his promissory note for the amount to the order of and indorsed by Jules Balloc, payable in 1835, and as collateral security he executed in favor of Prevost a notarial act pledging and transferring to him the notes he held against Ory, who had failed in the mean time. These notes were not delivered to the pledgee, but it is mentioned in the act that they were on file in the district court in and for the parish of St. James; and Bergeron promised to deliver them up as soon as possible. In 1835, Prevost transferred all his right under this act of pledge to the widow of Jules Balloc, and of this the defendants were notified in November, 1836. Some years after this, to wit, on the 2d of March, 1838, Bergeron, by a deed under private signature which was afterwards recorded, transferred and delivered these same *262 notes to Winchester, and. the transfer was notified to the syndics of Ory on the 6th of the same month. In April following, a tableau of distribution was filed by the latter, allotting to Bergeron $3958 25 as a dividend on these notes, and on the 26th of May, they paid this amount to the attorney of widow Balloc. This suit is brought to recover this dividend on the ground that it has been improperly paid by the syndics. There was judgment below for the plaintiff and defendants appealed.
The only question presented for decision is which of the two transferrees of these notes was entitled to receive the dividend declared on them ? It must surely be the one to whom the notes had been delivered. The circum stance that they were withdrawn from the clerk’s office on a petition of Winchester, acting as attorney for Bergeron, has nothing in it which shows any unfairness on the part of the former. There is no evidence that he had any knowledge whatever of the previous pledge to Prevost; although he signed this petition as attorney for Bergeron, it was no doubt understood that he was [431] to keep the notes, which had been transferred to Mm but a few weeks before for a valuable consideration. This transfer having been notified to the syndics, vested in the plaintiff Bergeron’s claim on them. The pledge executed to Prevost, whose rights under it were afterwards transferred to widow Balloc, was defective. The La. Oode, art. 3123, provides that “-when a debtor wishes to pawn a claim on another person, he must make a transfer of it in the act of pledge and deliver to the creditor the note or obligation whieh is the evidence of it and indorse it, if it be negotiable; ” without therefore such transfer and delivery the rights of third parties cannot be affected. This delivery is required to guard against what has happened in this very case. The defendants, with notice of this subsequent transfer to plaintiff, should not have paid to widow Balloc the dividend due on these notes without requiring their production. They must have known, as the testimony proves that they did know, that they could not safely pay to any one but the holder of the notes; moreover, the obligation of Bergeron, to secure which the pledge was executed, fell due in 1835; for aught that appears in this record it may have been paid by himself, for it is not produced nor is it shown by whom it has been paid.
It is therefore ordered, that the judgment of the district court be affirmed, with costs.